| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

**UNITED STATES OF AMERICA** §
§
§
*versus* § CASE NO. 1:25-CR-49-MAC
§
§
**CHARLES TERRANCE LEAVEN** §

## ORDER ADOPTING THE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the undersigned is a Motion to Suppress filed by the Defendant, Charles Terrance Leaven (#19). The United States filed a response to the Defendant's motion (#29), and the Defendant filed a reply (#32). This motion was referred to United States Magistrate Judge Christine L. Stetson for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *United States v. Raddatz*, 447 U.S. 667, 681-84 (1980); *see also* 28 U.S.C. § 636(b)(1)(B) and E.D. Tex. Local R. CR-59(a). Judge Stetson heard testimony and oral argument on December 9, 2025. Judge Stetson concluded that the search and seizure was lawful. (#35.) Therefore, she recommended denying the Defendant's motion. (*Id.*)

The Defendant objected to Judge Stetson's[1] findings arguing that consent by the Defendant was invalid, no exigency existed, and critical facts were omitted (#38).

---

[1] Throughout the objections, the Defendant refers to Judge Stetson as the "magistrate." The title "magistrate" no longer exists in federal court, having been changed from "magistrate" to "magistrate judge" in 1990. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089 ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The word "magistrate" is therefore no longer appropriately used as a noun in federal courts, but only as an adjective indicating the type of judge to which one is referring.

1

## CONSENT

The Defendant asserts that his question, "why are ya'll going in my house, though" shows that he was not giving consent for the officer to enter his home and that Brittany Balka ("Balka") did not have actual or apparent authority to allow entry. The court finds this objection meritless because consent is not a determinative issue when applying an exigent circumstance. The court agrees with Judge Stetson's application of the emergency aid exception to the warrant requirement. Therefore, consent is a non-issue.

## EXIGENCY

Next, the Defendant argues that an exigency did not exist because there was no probable cause to believe that a crime occurred *inside the home* or that it was reasonable to enter to give Balka aid. The Defendant points to various facts that were not known to the officer at the time of entry to argue this point, such as that the assault occurred in the yard and that Balka broke into the Defendant's home. The emergency aid exception is based upon an objectively reasonable basis and the circumstances known to the officer at the time he enters the home to render aid. *United States v. Jackson*, No. 24-30233, 2025 WL 2806743, at *3 (5th Cir. Oct. 2, 2025).

At the time of entry, Officer Allen knew of the prior 911 call regarding a domestic disturbance between Balka and the Defendant in his truck. When Officer Allen arrived at the Defendant's home, he did not know that the prior assault occurred in the yard. Balka was standing in the home, she stated to Officer Allen that she had been assaulted, and she had visible blood on her hands. The Defendant (who was standing outside near the door) and Balka continued to argue while the officers were present, and the Defendant would not move further away from Balka. The verbal argument showed a continuing threat between the parties. The court agrees with Judge Stetson's findings that there was probable cause to believe that an assault

had occurred, and the totality of the circumstances support an objectively reasonable basis to believe that Balka needed immediate aid in separating her from the Defendant to protect her against additional harm and in assessing her need for medical attention.  As cited by Judge Stetson, in *Jackson*, the Fifth Circuit stated, "[d]omestic disputes often involve high emotions and can quickly escalate to violence, even from a situation that is seemingly calm at officers' arrival."  *United States v. Jackson*, No. 24-30233, 2025 WL 2806743, at *3 (5th Cir. Oct. 2, 2025) (quoting *United States v. Rodriguez*, 601 F.3d 402, 408 (5th Cir. 2010)).

## OMITTED FACTS

Finally, the Defendant argues that the following facts were omitted from Judge Stetson's report and recommendation—Balka drove the Defendant's vehicle without permission; Balka assaulted the Defendant in the vehicle; and Balka entered his home without permission.  These facts, however, do not bear upon the exigency at hand.

Officer Allen was unaware of how Balka had entered the home prior to his decision to enter the home to speak with her apart from the Defendant.  Neither the Defendant nor Balka told the officers those facts until much later after Officer Allen had entered the home.  The Defendant admits this in his objections (#38, p. 3).  Further, it is not uncommon for a domestic disturbance to involve violence by both parties.  This fact does not render the exigent circumstances exception less applicable.  An officer does not necessarily need to determine the "initial" aggressor before assisting someone who is presently injured or threatened with further injury.  The officer's purpose is to de-escalate the situation and assist the injured.  "Because it is essentially a factual determination, there is no set formula for determining when exigent circumstances may justify a warrantless entry."  *United States v. Blount*, 123 F.3d 831, 837–38 (5th Cir. 1997).  Further, due to the nature of emergencies, the exception is "case specific."

3

*Lange v. California*, 594 U.S. 295, 302 (2021). The court also finds this objection without merit.

## CONCLUSION

The court conducted a *de novo* review of the objections in relation to the parties' filings and the applicable law. *See* FED. R. CRIM. P. 59; 28 U.S.C. § 636(b)(1). After careful consideration, the court finds the objections are without merit and that Judge Stetson correctly concluded that the search and seizure was lawful.

Accordingly, the Defendant's objections are OVERRULED. Judge Stetson's findings, conclusions, and analysis are correct, and her report is ADOPTED. It is further ORDERED that the Defendant's Motion to Suppress (#19) is DENIED.

SIGNED at Beaumont, Texas, this 14th day of January, 2026.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE